■ In the Matter of the Claim of WILLIAM RYAN, Respondent, against PATRICK MCGOVERN, INC., et al., Respondents, and MONTROSE CONSTRUCTION Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer-carrier from a decision of the Workmen's Compensation Board finding them solely responsible for claimant's disability. The claimant suffered from caisson disease which resulted from work associated with compressed air. The board first decided the appellant and two other former employers were responsible and apportioned compensation among them but before final determination, discovered no date of contraction had been established and accordingly remitted. No further proof was taken or introduced. The chronology of employment is that claimant was employed by McGovern during the period 1927–1929 and by Flinn during 1930–1931 and in both employments worked under compressed air. Thereafter he worked for appellant employer for a brief period, being likewise exposed to compressed air. Section 44 of the Workmen's Compensation Law provides in part that the employer who was made liable for the total compensation may appeal to the board for an apportionment among the several employers engaged in a business susceptible to contraction of the disease. Section 47 provides in part: "Any exposure to the hazards of compressed air after July first, nineteen hundred and forty-six shall be presumed, in the absence of substantial evidence to the contrary, to be injurious exposure." The exposures in the three employments here in question were all prior to 1946 so that the quoted part of section 47 is not applicable and the appellants herein are not entitled to any presumption. The law which applied prior to that date as to apportionment required the last employer to prove that such prior exposure was injurious. In *Matter of Gallagher* v. *Senior, Palmer & Connolly* (4 A D 2d 898) the court said in part: "The amendment of course did not bar proof of injurious exposure prior to July, 1946, without the benefit of a presumption". The appellants were given the opportunity to produce medical testimony but refused. The board found that the appellants had failed to sustain the burden of proving contraction of the disease in former employments and assessed full responsibility against the appellants. The record sustains these findings. Decision unanimously affirmed, with one bill of costs against the appellants to be divided between the respondents filing briefs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.